[No. 1979.]

Morgan Duke *v.* The State.

1. Slander — Evidence.— The slander charged in the indictment in this case consisted in the declaration by the accused that a certain unmarried female was a whore. The court rejected the testimony of three witnesses to the effect that they knew that the said female and one John C., in January, 1884, had illicit carnal intercourse with each other, and that they, the said witnesses, informed the accused of their knowledge of the fact, prior to the time that he made the said declaration that she was a whore. *Held* that the exclusion of this proof was error, because, while insufficient of itself to establish the general charge that the impugned female was a whore, it tended in that direction; and the general rule is, that, in a general charge of this character, every act of unlawful commerce will tend to establish its truth, and, consequently, is legitimate evidence.

2. Same.— The rejected evidence was otherwise admissible upon the issue of the intent of the accused in uttering the alleged slander — *i. e.*, whether he did so maliciously or wantonly, or having good reason to believe it was true.

Appeal from the County Court of Smith County. Tried below before the Hon. J. M. Duncan, County Judge.

The conviction in this case was for the slander of Miss Mattie Gowan, an unmarried female, by declaring, in substance, that she was a whore. The offense was alleged to have been committed in Smith county, Texas, on the 5th day of July, 1884. The penalty assessed against the defendant was a fine of $100, and a term of ten days in the county jail.

George Brown was the first witness for the State. He testified that the Saturday before the first Sunday in July, 1884, was meeting day at the Lindale church in Smith county. After attending the meeting, the witness walked into Curry's store in Lindale. John Curry, Jim Cawthorn and the defendant were then in the store. Mr. Curry asked the witness: "Have they turned her out of the church?" Witness asked: "Who?" Curry replied: "Miss Mattie Gowan." Witness said in reply: "They have not. No charges upon which to turn her out have been presented against her." Curry then said: "They ought to turn her out. I know enough myself to turn her out." Witness then told Curry that if he knew enough to demand her expulsion, it was his duty to have been at the meeting, and that he had failed in the discharge of his duty. Curry replied: "Well, then, I have lied about it, and I will have nothing more to do with it." Witness replied: "If it was me I would make them prove that I had lied." Defendant then said: "I reckon that now they are satisfied. They have got a regular whore in the church, and I hope Parson Wadsworth, the son-of-a-b—h, will now be satisfied, and let his sisters-in-law alone, and quit getting children by them. Now that they have got a whore in their church, it will be more convenient for the preacher and the old deacons." The defendant, the witness and John Curry were present during the whole of this conversation. Miss Mattie Gowan's general reputation for chastity was never questioned, so far as the witness knew, prior to the reports which were circulated about her, about the time of this conversation. Miss Mattie Gowan lived near Lindale, in Smith county, Texas.

J. N. Cawthorn was the next witness for the State. He testified that he was in Lindale, at Curry's store, on the Saturday before the first Sunday in July, 1884. He frequently passed through the room in which George Brown, Curry and the defendant were talking, but did not hear all of the conversation between them. He heard some one of them say: "They have sustained Miss Mattie Gowan in the church." Curry then remarked to defendant: "We are the liars then." Defendant then began to talk very loud, and said among other things: "I guess Parson Wadsworth is satisfied now that he has got a whore in the church." Witness did not hear him say that he hoped Parson Wadsworth would now let his sisters-in-law alone, and quit getting children by them, though he may have made that remark. Miss Gowan's name was mentioned several times as witness passed through the room. The defendant talked as though he was mad.

Five witnesses for the defense testified that they were acquainted with the general reputation of Miss Mattie Gowan, for chastity, and that it was bad. The opinion discloses the nature of the evidence offered by the defense which was excluded by the court.

George Yarborough was next introduced by the State in rebuttal. He testified that he had known Miss Mattie Gowan for years, and knew her general reputation for chastity. It was good, and had always been as good as that of any young lady in Smith county until the circulation of the slanderous reports out of which the charge in this case grew. Her reputation is still unquestioned except by a certain class of people. Six other witnesses, introduced by the State, in rebuttal, testified exactly as did the witness Yarborough.

The motion for new trial raised the question discussed in the opinion.

*H. B. Marsh*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. It is substantially charged in the indictment that the defendant committed the offense of slander by stating that Miss Mattie Gowan, an unmarried female, was a whore. On the trial the defendant proposed to prove by three witnesses that they knew that Miss Mattie Gowan and one John Copeland, in January, 1884, had illicit carnal intercourse with each other, and that said witnesses had informed the defendant of their knowledge of said fact, prior to the time that he made the alleged imputation that she was a whore. This proposed evidence was, upon objection made thereto by the State, rejected; to which ruling of the court the defendant excepted.

In *Wagner* v. *State*, 17 Texas Ct. App., 554, the precise question presented above was discussed and determined. It was held in that case that " every act of unlawful commerce would tend to establish the charge (that the female was a whore), and consequently would be legitimate and admissible evidence." We think the proposed evidence was relevant, and that it was material error to reject it.

It is true that this rejected evidence would not of itself establish the truth of the imputation that the female was a whore. But it tended in that direction, and should have been allowed to go before the jury to be considered by them in connection with all the other evidence in the case.

Furthermore, we think it was admissible upon the issue of the

*intent* of the defendant in uttering the imputation. To constitute this offense the slander must be either *malicious* or *wanton*. In the language of this court in the case of *McMahan* v. *The State*, 13 Texas Ct. App., 220: "The evidence, therefore, became important in determining the intent of the defendant in uttering the alleged slander, and whether he did so maliciously or wantonly, or whether he did so having good reason to believe it was true."

Because, in our opinion, the court erred in rejecting the evidence offered by the defendant, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered October 14, 1885.]